### SILAS B. WING *versus* RICHARD DUNN & *al.*

Whenever a note is purchased after the day of payment shall have elapsed, the maker is entitled to the defence of usury, in a suit by an indorsee, as fully as if the note had remained in the hands of the payee.

The sixth section of Rev. St. c. 69, entitled, "of usury," has no reference to the second section of the same statute.

The seventh section of that statute, respecting costs, is applicable only to cases in which the usury had been proved as provided in § 3, by the oath of the party; and not to cases where the damages are reduced by any other mode of proving usury.

THIS case came before the Court on the following statement. This action is assumpsit brought by the plaintiff as indorsee of a promissory note made by the defendants to one David Austin, and payable to him or his order in five months from date. It is agreed by the parties, that the plaintiff received said note from said Austin by indorsement, in good faith, and for a valuable consideration, and had not at the time of paying such consideration, actual notice, that the same had been given for an usurious consideration, or that a rate of interest above six per cent. was therein secured. It is further agreed that the plaintiff received said note as aforesaid, after its maturity, and that twelve per cent. interest was secured originally in said note.

If upon the foregoing statement, in the opinion of the Court, the plaintiff is entitled to recover the full amount of said note, notwithstanding the usury contained therein, then judgment is to be entered for the amount of said note, interest and costs of suit; otherwise the plaintiff is to have judgment for the amount of said note deducting therefrom six per cent. interest, without costs, and the defendants are to have judgment for their costs.

*Morrill* argued for the plaintiff, and remarked that by the common law usury was no defence. All interest was usury. Kyd on Bills, 280. Unless then the defendants are entitled to a deduction under the provisions of Rev. Stat. c. 69, the plaintiff should have judgment for the full amount of the note.

The defence of usury, by the provisions of the same statute, § 6, is not allowed, if the holder is an indorsee for value, where he had not, at the time of payment of the consideration, "actual notice, that the same had been given upon an usurious consideration, or upon a usurious contract." In this case the parties have agreed, that there was no actual notice. No room is left for constructive notice, and the statute is conclusive. The circumstance put into the case, that the plaintiff received the note, when overdue, is wholly immaterial. The presumption of law is here rebutted by the facts, if any such presumption could be allowed in a case under this statute.

*Vose*, for the defendants, said that our statute is in this respect, an exact copy of the New York statute on the same subject; and that therefore, the decisions in that State are in point. The question had there been decided, and he would refer to the case, instead of an argument. *Hackley* v. *Sprague*, 10 Wend. 113.

The opinion of the Court was by

WHITMAN C. J.—The plaintiff is an indorsee of the note declared upon; and the defendant is the maker of the same; and sets up the defence of usury; and it is admitted that more than at the rate of six per cent. was reserved in the note, when taken by the payee. The plaintiff, however, received it without actual knowledge, that such was the case, but after it had become payable, and paid a valuable consideration for it. The Rev. Stat. c. 69, § 2, provides, that, in an action against the debtor, on any contracts, &c. whereupon or whereby these shall be reserved or taken above the rate of six per cent. he may, under the general issue, prove it, and avoid the payment of the excess so reserved or taken. At common law, whenever a note is purchased after the day of payment shall have elapsed, the maker is entitled to any defence, which he could have made if the security had remained in the hands of the promisee. The excess, therefore, over legal interest secured in this note must be deducted.

By the arguments of counsel in this case, it seems to have been taken for granted, that § 6, of the statute, is applicable to this case. This section is, that, " The preceding section shall not extend to bills of exchange or promissory notes, payable to order or bearer, in the hands of an indorsee or holder, who shall have received the same in good faith, and for a valuable consideration ; and who had not, at the time of discounting such bill or note, or paying such consideration, actual notice, that the same had been given for an usurious consideration, or upon a usurious contract." The preceding section is, " That whoever, on any such loan, shall, in any manner, pay a greater sum or value than is by law allowed to the creditor, may, or his personal representatives may, recover of the creditor, or his representatives, by action at law, the excess so received by such creditor, whether in money or other property." The sixth section, therefore, has no reference to § 2, upon which this defence is founded ; and applies only to § 5, that being the section next preceding it. The Revised Statute, c. 1, § 3, Rule 14, declares, in accordance with what would otherwise have been obvious, that " the words, " preceding " and " following," when used by way of reference to any section in these Revised Statutes, shall be construed to mean the section next preceding or next following that in which reference is made, unless some other section is expressly designated." In the § 6, no other section is designated or alluded to except § 5.

In the statement of facts the plaintiff has been induced to agree, if the usurious part of the interest should be deducted, that his recovery shall be without costs for him ; and that costs shall be allowed for the defendant. This agreement was, doubtless, entered into upon the supposition, that § 7, of the act, applied to his case ; but by the wording of that section it would seem to be applicable only to cases, in which the usury had been proved, as provided in § 3, by the oath of the party. The seventh section is, that, " In a suit brought, where more than legal interest shall be reserved or taken, the party, so reserving and taking, shall recover no costs, but shall pay costs to the defendant ; *provided*, the damages shall be reduced by

the oath of any one of the defendants, where there are more than one, by reason of such usurious interest." In this case the damages are not reduced by the oath of any one of the defendants. The plaintiff, therefore, but for his agreement, would be entitled to his costs, as in other cases, where his damages had been merely reduced below what he had claimed. If this agreement on the part of the plaintiff was entered into through mistake or misapprehension, it may be reasonable, on his motion, to discharge him from it.